**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERRICA BATTLE,**<br><br>                            **Plaintiff,**<br><br>v.<br><br>**WALMART DEPARTMENT STORE, its servants, agents and/or employees, jointly, severally, or in the alternative,**<br><br>                            **Defendants.** | Civil Action No. 20-2959 (CCC)<br><br>**REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

This is a personal injury action removed from state court.  Before the Court is a motion by Plaintiff to remand the case.  [CM/ECF No. 5.]  The motion is opposed.  The Honorable Clare C. Cecchi, U.S.D.J. has referred the motion to the Undersigned.  The Court decides it on the papers.  Fed. R. Civ. P. 78.  For the reasons discussed below, it is respectfully recommended that the motion be **GRANTED**.

**BACKGROUND**

On August 18, 2019, Plaintiff Jerrica Battle was a patron at Defendant Wal-Mart

Stores East, LP's ("Walmart" or "Defendant")[1] Watchung, New Jersey store ("premises"). According to Plaintiff, she tripped and fell due to an allegedly hazardous condition on the premises, causing her to sustain serious personal injury. (Compl. ¶¶ 1-2.)

On September 27, 2019, Plaintiff filed a Complaint against Walmart in the Superior Court of New Jersey asserting a single claim for negligence. (See generally Compl.) Plaintiff alleged that:

> [a]s a direct and proximate result of the negligence of the defendants, plaintiff suffered diverse injuries to various parts of her body, required hospital and medical attention, and plaintiff, in the future, may require additional hospital and medical attention. Plaintiff has been permanently injured.

(Compl. ¶ 4.) The Complaint demands damages. (Id.)

Plaintiff served the Summons and Complaint on Walmart on January 3, 2020. (Notice of Removal ¶ 2.) On February 20, 2020—more than 30 days after service of the Complaint—Walmart's Counsel sent a letter to Plaintiff's Counsel requesting that Plaintiff stipulate that her damages do not exceed $75,000 exclusive of interest and costs. The letter further indicated that its "purpose . . . is to determine whether the amount in controversy is such that this matter may be removed to federal court based on diversity of citizenship of the parties." (Notice of Removal ¶ 12.) Plaintiff responded by letter dated March 9, 2020, providing medical records evidencing her injuries.[2]

---

[1] Incorrectly named as "Walmart Department Store".
[2] Among other things, the letter revealed that Plaintiff had sustained multiple injuries including sprain and strain of the cervical spine with MRI evidence of disc bulging, as well as sprain and strain of the left shoulder, lumbar spine and left knee. (Def. Br. at 4; Notice of Removal ¶ 14.)

2

On March 17, 2020, Defendant removed the case on grounds of diversity jurisdiction, which is present when the opposing parties are citizens of different states and there is more than $75,000 in dispute.[3]  On April 5, 2020, Plaintiff moved to remand to state court contending that Walmart's Notice of Removal was untimely because it was not filed within 30 days of service of the Complaint as required by 28 U.S.C. § 1446(b)(1).

## **LEGAL STANDARD**

### A.   **Removal Generally**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also A.S. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014) ("so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it").  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d

---

[3] Section 1332 governing diversity jurisdiction provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a); see also Wis. Dep't of Corrections v. Schacht, 524 U.S. 381 (1994).

3

Cir. 2004).

**B.**   **Time for Removal**

    Section 1446 governing removal provides in relevant part:

> The **notice of removal** of a civil action or proceeding **shall be filed within 30 days after receipt by the defendant**, through service or otherwise, **of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1) (emphasis added).  There is an exception to this 30-day provision.  Specifically, Section 1446(b)(3) provides in relevant part:

> (3) . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

# DISCUSSION

**A.**   **Parties' Arguments**

    The parties do not dispute that the requirements for diversity jurisdiction are satisfied in this case.  The parties dispute, however, whether the amount in controversy could have been discerned from the face of the Complaint, which would trigger the time for removal under 28 U.S.C. § 1446.

    Defendant contends that it was unable to determine whether Plaintiff's injuries met the jurisdictional threshold for removal from the face of the Complaint.  Defendant argues that it was only when it received Plaintiff's March 9, 2020 letter which included numerous medical records of Plaintiff did it realize that the case could be removed, which

it then did within 30 days.

Plaintiff claims that removability of the Complaint was obvious from a review of the pleading which alleged diverse injuries to various parts of Plaintiff's body, permanency, hospitalization, and the potential for future medical treatment. Consequently, Plaintiff contends that the 30-day period to remove the case was triggered on January 3, 2020 (the date of service of the Complaint) and expired long before Defendant filed its Notice of Removal on March 17, 2020.  (Pl.'s Br. at 6-7.)

**B.     Decision**

The question of whether Walmart timely removed the case turns on a determination of when it had notice that Plaintiff's claims involved an amount in controversy greater than $75,000.

A plaintiff may not request a specific amount of damages in a complaint filed in New Jersey state court.  See N.J. Ct. R. 4:5-2.  Case law in this Circuit provides instruction on how the value of a case should be determined for removal purposes in the absence of an specific damages demand.  "The thirty-day period for removal . . . begins to run once a defendant can 'reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum.'" Wishnia v. Whole Foods Market, Inc., 2019 WL 1147931, at *2 (D.N.J. Mar. 12, 2019) (quoting Carroll v. United Air Lines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998)).  This determination begins "with a reading of the complaint filed in state court." Id. (citing Samuel-Bassett, 357 F.3d at 396).  The amount in controversy is determined "not . . . by the low end of an open-ended claim," "but rather by a reasonable reading of the value of the rights being litigated.'"

5

Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993)); see also Hatchigan v. State Farm Ins. Co., No. 13-2880, 2013 WL 3479436, at *2 (E.D. Pa. July 13, 2013).  Simply stated, in the absence of a specified dollar amount of damages, the removing party must review the pleading to determine, based on the nature of the injuries alleged and the relief sought, whether the case is removable.

 Notably, as in this case, "[i]n the context of a personal injury suit between diverse parties . . . 'courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional threshold] is at issue' and trigger the running of the thirty-day removal period." Bukowiecki v. Dollar General Store, No. 18-16464, 2019 WL 449203, at *3 (N.J.D. Feb. 5, 2019) (quoting Carroll 7 F. Supp. 2d at 521) (citations omitted).

Here, the Complaint placed Defendant on notice that Plaintiff's claims involve damages greater than the $75,000 threshold required for diversity jurisdiction.  The Complaint contained allegations that Plaintiff sustained "serious personal injury" "to various parts of her body" which required "hospital and medical attention."  The Complaint also averred that Plaintiff had been "permanently injured", that the injuries "may require additional hospital and medical attention," and sought damages caused by the accident.   (Compl. ¶¶ 2, 4.)  Defendant claims that despite these allegations of serious injury, the amount in controversy was not discernible from the language of the Complaint.  The Court disagrees.  It is not reasonable to assume that less than $75,000 is at issue here.

6

Although Plaintiff did not precisely detail her injuries, Plaintiff's description of her multiple injuries as "serious" and "permanent", viewed in conjunction with the allegations that they required hospitalization and could require future hospitalization and treatment, was sufficient to place Defendant on notice that the amount in controversy is much more than the jurisdictional minimum.  Moreover, in a personal injury case such as this, Plaintiff's broad claim for "damages" caused by the incident—which conceivably includes medical expenses and pain and suffering—should have alerted Defendant that an amount in excess of the jurisdictional threshold is at issue in this litigation.  See Carroll, 7 F. Supp. 2d at 521; see also Wishnia, 2019 WL 1147931, at *3; Weiderspahn v. Wing Enters., 2009 WL 2070353, at *4 (D.N.J. July 10, 2009)

Plaintiff's allegations identify multiple serious permanent injuries from which Defendant could have "reasonably and intelligently conclude[d] from the pleadings that the amount in controversy exceed[ed] the jurisdictional minimum."  Carroll, 7 F. Supp. 2d at 521.  A reasonable reading of the Complaint unquestionably placed Walmart on notice that the case was removable when it was served with the pleading in early January 2020.  Therefore, the 30-day period for removal was triggered at the time of service of the Complaint, and removal more than two months later is untimely and procedurally deficient.  See 28 U.S.C. § 1446(b)(1).

## CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's motion be **granted** and the case remanded to state court.

7

|  |  |
|---|---|
|  | s/Mark Falk |
|  | **MARK FALK** |
| **Dated: May 4, 2020** | **United States Magistrate Judge** |