NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JERRICA BATTLE,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART DEPARTMENT STORE, its servants, agents and/or employees, jointly, severally, or in the alternative,<br><br>    Defendants. | Civil Action No.: 20-2959 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiff Jerrica Battle's ("Plaintiff's") motion to remand this case to New Jersey state court. ECF No. 5.  Defendant Wal-Mart Stores East, L.P.[1] ("Walmart" or "Defendant") opposed. ECF No. 7.  On May 4, 2020, Chief Magistrate Judge Mark Falk issued a Report and Recommendation ("R&R"), recommending that the case be remanded to state court. ECF No. 9 ("R&R").  Defendant subsequently filed objections ("Objections") to Judge Falk's R&R on May 19, 2020. ECF No. 11 ("Obj.").  Plaintiff filed a letter in support of Judge Falk's R&R on June 1, 2020. ECF No. 12.  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court adopts Judge Falk's R&R, grants Plaintiff's motion to remand, and denies Plaintiff's requests for attorney's fees and costs.

---

[1] Defendant Wal-Mart Stores East, L.P. was improperly named as "Walmart Department Store."

1

## II.  BACKGROUND

On September 27, 2019, Plaintiff filed a complaint in the New Jersey Superior Court, Essex County, asserting a single claim for negligence against Defendant. ECF No. 1-1 ("Compl."). Plaintiff alleges that she was a patron at Wal-Mart's Watchung, New Jersey store on August 18, 2019, where she "was caused to trip and fall as the result of a hazardous condition, which was allowed to remain on the premises, causing [P]laintiff serious personal injury." Id. at ¶¶ 1–2. Plaintiff further alleged that:

> [a]s a direct and proximate result of the negligence of the defendants, plaintiff suffered diverse injuries to various parts of her body, required hospital and medical attention, and plaintiff, in the future, may require additional hospital and medical attention. Plaintiff has been permanently injured.

Id. at ¶ 4.  The Complaint demands damages, but it does not plead damages in a specific amount as that is prohibited in New Jersey state court. *See* id.; N.J. Ct. R. 4:5-2.

On January 3, 2020, Plaintiff served the Summons and Complaint on Walmart. ECF No. 1 at ¶ 2 ("Notice of Removal").  On February 20, 2020—over forty days after receiving the Complaint—Walmart's Counsel sent a letter to Plaintiff's counsel requesting that Plaintiff stipulate that her damages do not exceed $75,000 exclusive of interest and costs. Id. at ¶ 12.  The letter further indicated that its "purpose . . . is to determine whether the amount in controversy is such that this matter may be removed to federal court." Id. at ¶ 12.  Plaintiff responded by letter dated March 9, 2020, providing medical records that evidenced a sprain and strain of the cervical spine with disc bulging, as well as a sprain and strain of the left shoulder, lumbar spine and left knee. Id. at ¶ 14.  Defendant alleged that it received Plaintiff's letter on March 13, 2020. Id. at ¶ 16.

On March 17, 2020, Defendant removed the case to this Court on grounds of diversity jurisdiction, which is present when the opposing parties are citizens of different states and there is

more than $75,000 in dispute. Id.  In its notice of removal, Defendant alleged that it could not ascertain that this matter was removable to Federal Court until March 13, 2020, when it received the letter from Plaintiff evidencing her injuries. Id.  Defendant argued that its removal was timely because it was filed within thirty days of Defendant's receipt "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. (citing 28 U.S.C. § 1446(b)(3)).

On April 5, 2020, Plaintiff moved to remand, contending that 28 U.S.C. § 1446(b)(1) required that a case be removed within thirty days after the receipt of the initial pleading, and that Defendant's removal violated the rule because it was effectuated seventy-four days after the Complaint was served. ECF No. 5.  Plaintiff argued that the exception to the thirty-day rule under § 1446(b)(3) was inapplicable because all the requirements for diversity jurisdiction (diversity of citizenship and amount in controversy) were apparent on the face of the original complaint served upon Defendant on January 3, 2020. Id. at 9–15.  Plaintiff also argued that she should be awarded attorney's fees pursuant to 28 U.S.C § 1446(c) because there was no reasonably objective basis for Defendant's untimely removal. Id. at 15–17.

This Court referred Plaintiff's motion to Chief Magistrate Judge Falk pursuant to 28 U.S.C. § 636(b)(1)(B).  On May 18, 2020, Judge Falk recommended that Plaintiff's motion be granted and that the case be remanded to state court. R&R at 7.  Judge Falk noted that there is no dispute that the parties here satisfy the requirements for diversity jurisdiction but rather the issue is "whether the amount in controversy could have been discerned from the face of the Complaint." Id. at 4.  Judge Falk found that "a reasonable reading of the Complaint unquestionably placed Walmart on notice that the case was removable when it was served with the pleading in early

January 2020. Therefore, . . . removal more than two months later is untimely and procedurally deficient." Id. at 7 (citing 28 U.S.C. § 1446(b)).

On May 19, 2020, Defendant filed objections to Judge Falk's R&R, arguing that: (1) the R&R improperly relies on non-binding and distinguishable authority; (2) the R&R "includes improper assumptions regarding the term 'hospitalization' in the Complaint"; and (3) Plaintiff's request for attorney's fees should be denied because the R&R is silent on the issue. Obj. at 5–16. On June 1, 2020, Plaintiff filed her response, arguing that Defendant's attempt to distinguish cases cited in the R&R is unpersuasive and that a holistic view of the Complaint "leads to the conclusion that defendant knew or should have known that the amount in controversy exceeded $75,000." ECF No. 12 at 6–11.  Plaintiff again argued that the Court should award her attorney's fees for contesting removal because Defendant lacked an objectively reasonable basis for removing this action. Id. at 11–14.

### III.     LEGAL STANDARD

#### A. Standard of Review

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). "Within 14 days . . . , a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2).  The district court must make a *de novo* determination of those portions of the Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).  The district court may then "accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).  A Report and Recommendation does not have force of law unless and until the district court enters an order

accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

## IV. DISCUSSION

The Court agrees with Judge Falk and finds that Plaintiff's motion to remand should be granted because the thirty-day period for removal under 28 U.S.C. § 1446(b) was triggered when Defendant received the Complaint.[2]  Furthermore, the Court denies Plaintiff's request for attorney's fees, which Judge Falk did not address.

### A. Motion to Remand

The party confronted with a motion to remand has the burden of establishing the propriety of removal. *Carroll* v. *United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991); *see Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."). The "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer,* 913 F.2d at 111 (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)); *see Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

The thirty-day period for removal under 28 U.S.C. § 1446(b) "begins to run once a defendant can 'reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum.'" *Wishnia v. Whole Foods Market, Inc.*, 2019 WL 1147931, at *2 (D.N.J.

---

[2] The Court also notes that Defendant waited past the thirty-day period for removal to seek further information regarding the damages sought.  If Defendant had any concerns about the removability of the Complaint, it could have requested a statement of damages upon receiving the Complaint. *See* N.J. Ct. R. 4:5-2 (providing a mechanism for defendants to request a written statement of damages).

Mar. 12, 2019) (quoting *Carroll*, 7 F. Supp. 2d at 521).[3] The Court finds, as Judge Falk did, that the removal period was in fact triggered on January 3, 2020, because a reasonable reading of the Complaint in its entirety placed the Defendant on notice that the case was removable. *See* R&R at 7; *Carroll*, 7 F. Supp. 2d at 521. Plaintiff's allegations of "serious" and "permanent[]" injuries, affecting "various parts of the body," and "requir[ing] hospital and medical attention" were sufficient to place Defendant on notice that the amount in controversy exceeds $75,000. *See* Compl. at ¶¶ 1–4.

The cases cited by Judge Falk are instructive. In *Carroll*, for instance, the court held that allegations of "severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue and trigger the running of the thirty-day removal period."[4] *Carroll*, 7 F. Supp. 2d at 521–22. Likewise, *Bukowiecki* held that a complaint alleging serious personal injuries placed the defendant on notice that damages exceeding $75,000 could be recovered. *See* R&R at 6 (citing 2019 WL 449203, at *3). Similar to the complaint at issue in *Bukowiecki*, the Complaint here alleged serious and permanent personal injures resultant from a slip and fall, which required past medical attention and possibly future medical attention. *See* Compl. at ¶¶ 1–4; *Bukowiecki*, 2019 WL 449203, at *3 (plaintiff alleged that they were "caused to slip and fall on a slippery floor and suffer severe injuries; . . . caused to incur medical expenses and will in the future be caused to incur medical expenses; . . . and [] caused to suffer permanent injuries."). Thus, Plaintiff's allegations were sufficient to trigger removal. *See* Compl. at ¶¶ 1–4;

---

[3] Contrary to Defendant's assertion that *Carroll* has not been followed in this District (Obj. at 7), Courts in this District have consistently cited to *Carroll*. *See, e.g.*, *Bukowiecki v. Dollar General Store*, No. 18-16464, 2019 WL 449203, at *3–4 (D.N.J. Feb. 5, 2019); *Romano v. Wal-Mart Stores E., LP*, No. 16-7420, 2017 WL 119471, at *2 (D.N.J. Jan. 11, 2017); *Ortiz v. Richmond Elevator Co.*, No. 15-672, 2015 WL 5945433, at *2 (D.N.J. Sept. 29, 2015).

[4] Although the plaintiff in *Carroll*—unlike the Plaintiff here—alleged willful misconduct, Judge Lechner concluded that the removal period was triggered before discussing willful misconduct. *Carroll*, 7 F. Supp. 2d at 522.

*Bukowiecki*, 2019 WL 449203, at *3 (concluding that, "[b]ased on Plaintiffs allegations [in the complaint], it would be an extraordinary case where the Court could find, as a matter of law, that damages in excess of $75,000 could not be recovered."); *Russo*, 2017 WL 1832341, at *4–5; *Carroll*, 7 F. Supp. 2d at 522.

Contrary to Defendant's objections, *Sayani v. Whole Foods Market*, No. 18-17149, 2019 WL 4463369 (D.N.J. Sept. 18, 2019), also suggests that the Complaint contained sufficient information to trigger removal. *See* Obj. at 11–12.  *Sayani* highlighted that a key aspect of the removal inquiry is whether the plaintiff, in addition to alleging permanent injuries: (1) specifically described the injury, how it was caused, or the treatment required; and/or (2) alleged severe injury by "us[ing] the words 'serious,' 'severe,' or 'significant' to describe their injuries." *Id.*  Plaintiff specifically described the cause of her injury (slip and fall resultant from a hazardous condition on Defendant's premises) and used the word "serious" to describe her injury, thus satisfying the *Sayani* guidelines. *See id.*; Compl. at ¶ 2.

Moreover, even though defendant points out that some of the cases cited in the R&R are distinguishable from the facts at hand (*see* Obj. at 8–9), the cases cited nevertheless support the proposition that a broad claim for "damages" in a personal injury case—in combination with allegations of severe injuries—should alert a defendant that an amount in excess of the jurisdictional threshold is at issue. *See* R&R at 7; *Wishnia*, 2019 WL 1147931, at *3; *Weiderspahn v. Wing Enters.*, 2009 WL 2070353, at *4 (D.N.J. July 10, 2009)).

Lastly, the Court dismisses Defendant's argument that Judge Falk's assessment relied on an assumption that including the term "hospitalization," on its own, triggers removal. Obj. at 14–15.  Judge Falk explicitly stated that, "Plaintiff's description of her multiple injuries as 'serious' and 'permanent', *viewed in conjunction with* the allegations that they required hospitalization and

7

could require future hospitalization and treatment, was sufficient to place Defendant on notice that the amount in controversy is much more than the jurisdictional minimum." R&R at 7 (emphasis added). Judge Falk's assessment was correct. *See Bukowiecki*, 2019 WL 449203, at *3; *Carroll*, 7 F. Supp. 2d at 522.

Accordingly, because diversity jurisdiction was apparent when Defendant received the Complaint in January 2020, removal, which was not effected until March 2020 was untimely under § 1446(b).

### B. Request for Attorney's Fees

Pursuant to 28 U.S.C.A. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "An award is within the court's discretion and may be made whether or not the removal was in bad faith." *Stephens v. Gentilello,* 853 F. Supp. 2d 462, 471 (D.N.J. 2012).

Although the Court finds that this matter could and should have been removed within thirty days of receipt of the Complaint, Defendant's failure to timely remove based on Plaintiff's letter dated March 9, 2020 is not objectively unreasonable. *See Ortiz*, 2015 WL 5945433, at *4–9 (adopting R&R's denial of attorney's fees despite finding that removal was untimely); *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 467 (D.N.J. 2013) ("Even though the Court has determined that Defendant's Notice of Removal was untimely under the circumstances presented in this case, it cannot say that the [Defendant] 'lacked an objectively reasonable basis for seeking

removal.'") (quoting *Martin,* 546 U.S. at 141).  Therefore, Plaintiff's request for fees and costs will be denied.

V.  **CONCLUSION**

For the reasons stated above, the Court adopts Judge Falk's R&R (ECF No. 9) and the motion to remand is granted (ECF No. 5).  Plaintiff's request for an award of attorney's fees and costs is denied.  An appropriate Order accompanies this Opinion.

**Dated:**  November 30, 2020

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CLAIRE C. CECCHI, U.S.D.J.**